**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel CARRILLO–MONJEZ, also known as Jorge Campos, Defendant–Appellant.**

**No. 05–40955 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Joel Carrillo–Monjez (Carrillo) appeals the sentence he received for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Carrillo argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of cocaine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Carrillo's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Carrillo argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). *Jerome,* however, preceded *Hinojosa–Lopez;* this court is bound by the precedent of previous panels absent "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

Carrillo also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Carrillo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Carrillo argues that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Carrillo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.